UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                 Plaintiff,<br><br>    v.<br><br>MULTICARE HOSPITAL,<br><br>                 Defendant. | Cause No. C21-0350RSL<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

This matter comes before the Court on defendant's "Motion to Dismiss." Dkt. # 13. Plaintiff alleges that Child Protective Services ("CPS"), an agency within the Washington State Department of Children, Youth & Families, has put in place an intentional and deliberate scheme to take newborn children away from Caucasian mothers so as to satisfy "hopeful adopting parents and the federally funded adoption agency (Child Protective Services)." Dkt. # 7 at 5 and 8. Plaintiff has not, however, named CPS or the State of Washington as a defendant, instead suing MultiCare Hospital for the part it allegedly played in the loss of two of plaintiff's children. Plaintiff accuses MultiCare, acting by and through its employees, of:

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 1

(1) unreasonably failing to provide child care for plaintiff's five-year old child when plaintiff was in desperate need of medical attention in February 2020;[1]

(2) misleading plaintiff into placing the five-year old with CPS when plaintiff was admitted to the labor and delivery ward in February 2020;

(3) reporting to CPS that plaintiff had tested positive for drugs while pregnant;[2] and

(4) assisting CPS' scheme to such an extent that plaintiff felt compelled to put her newborn baby up for adoption in February 2020.

Plaintiff further alleges that MultiCare has "several contracts with [CPS] so [it] must support [CPS'] cause and . . . actions at all times" (Dkt. # 7 at 6) and that, although MultiCare reports positive drug test results no matter what the mother's nationality, it is aware that CPS utilizes these reports in an unfair and discriminatory way (Dkt. # 7 at 8).

Plaintiff alleges that CPS has violated her constitutional rights and that those violations would not have been possible absent MultiCare's actions. She asserts a claim under 42 U.S.C. § 1983 and seeks injunctive relief prohibiting MultiCare from contacting CPS during her existing and future pregnancies,[3] compelling MultiCare to "void their contract with CPS," and precluding MultiCare from registering her child's birth with the state. Dkt. # 7 at 16-17.

---

[1] Plaintiff states that she "firmly believes that hospitals have to have some kind of agreement with CPS not to build a daycare to help patients." Dkt. # 7 at 10.

[2] Plaintiff maintains that MultiCare lacked reasonable cause to suspect abuse or neglect of a child at the time it reported her to CPS because (a) her unborn baby was a fetus, not a child, until birth and (b) MultiCare should have waited to see if any harm resulted from the prenatal substance exposure before contacting CPS. Whatever the merits of these arguments, they cannot save a Section 1983 claim against MultiCare for the reasons discussed in the text.

[3] Plaintiff was pregnant when this case was filed in March 2021.

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 2

MultiCare moved to dismiss plaintiff's claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6), insufficiency of service and a resulting lack of personal jurisdiction under Rule 12(b)(2) and (5), and failure to join a necessary party under Rule 12(b)(7) and Rule 19(b).

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 3

is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the Amended Complaint and the papers submitted by the parties and construing plaintiff's allegations in her favor, the Court finds as follows:

(1) Plaintiff has failed to plausibly allege that MultiCare Hospital is a "state actor" for purposes of Section 1983. *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) ("[The hospital] did not become a state actor simply because it complied with state law requiring its personnel to report possible child neglect to Child Protective Services."). Although a private party can act under state law by conspiring with a state official or agency with "the goal of violating a plaintiff's constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002), plaintiff's allegations of the necessary contract, conspiracy, or agreement are conclusory, and there is no allegation or suggestion that MultiCare intended to accomplish an unconstitutional objective in reporting positive test results to the agency.

(2) Plaintiff has failed to properly serve MultiCare Hospital. Federal Rule of Civil Procedure 4(d)(1) specifies how a request for waiver of service must be addressed and delivered as well as the contents thereof. The form plaintiff emailed to defendant's counsel was not addressed to the correct person, did not identify the date on which it was sent, and did not include a copy of the complaint or means to return a signed copy of the waiver. Plaintiff declined to correct these errors. In the absence of proper service of process, the Court lacks personal jurisdiction over defendant.

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 4

For all of the foregoing reasons, defendant's motion to dismiss (Dkt. # 13) is GRANTED. Because it may be possible for plaintiff to supplement her factual allegations to raise a plausible inference of a conspiracy to violate her constitutional rights and/or to assert a different cause of action challenging MultiCare's interpretation of the mandatory reporting requirements, she will be given twenty-eight days in which to file an amended complaint and properly request a waiver of service from defendant under Rule 4(d). *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Dated this 8th day of August, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL WITH
LEAVE TO AMEND - 5